# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
           Plaintiff, )    Case No. 2:17-cr-00073-APG-GWF
)
vs. )    **ORDER GRANTING**
)    **EVIDENTIARY HEARING**
JUSTIN ANTHONY FISHER, )
           Defendant. )

This matter is before the Court on Defendant Justin Anthony Fisher's Motion to Suppress Evidence (ECF No. 41), filed on August 10, 2017. The Government filed a Response (ECF No. 47) on September 1, 2017. Defendant did not file a reply. On October 4, 2017, the Court conducted a hearing during which it heard oral argument by the parties' counsel. At the conclusion of the hearing, the Court stated that it was inclined to recommend that Defendant's motion be denied because the alleged misrepresentations or omissions in the search warrant affidavit were not material. Having considered this matter further, however, the Court has determined that Defendant has met the threshold showing for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674 (1978).

## BACKGROUND

Defendant is charged in a six count criminal indictment filed on February 28, 2017 with sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and (e); distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b); receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b); possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); and coercion and enticement in violation of 18 U.S.C. § 2422(b). *Indictment* (ECF No. 15). These charges arise, in part, from the execution of a search warrant at Defendant's residence at 10432 Burkehaven Avenue, Las Vegas, Nevada on November 21, 2016. The search warrant was issued on November 16,

2016 and authorized the police to seize "[a]ny data evidence of visual depictions/representations (images and videos) that depict minors (real or animated) in an erotic, sensual or sexual manner." It further authorized the seizure of visual depictions that constitute child pornography as defined in 18 U.S.C. § 2256(8). *Government's Response* (ECF No. 47), *Exhibit D*, at pg. 117.[1] Defendant challenges the validity of the search warrant on the grounds that the affidavit in support of its issuance contained intentional and/or reckless misrepresentations or omissions of material fact. Defendant argues that but for these misrepresentations or omissions, probable cause would not have existed to support issuance of the warrant. He therefore requests an evidentiary hearing to determine if the misrepresentations or omissions were intentionally or recklessly made. The Government argues that the affidavit does not contain misrepresentations or omissions of material fact, but to the extent the affidavit did omit relevant facts, the omissions are not material to a finding of probable cause. The Government therefore argues that Defendant is not entitled to an evidentiary hearing and his motion to suppress should be denied.

**1.     November 16, 2016 Search Warrant Affidavit.**

The affidavit in support of the November 16, 2016 search warrant was submitted by Detective Scott Miller of the Las Vegas Metropolitan Police Department. Detective Miller is/was a member of the Internet Crimes Against Children Task Force. Under the heading **Synopsis**, Detective Miller stated as follows:

> On or about April 27, 2016, the National Center for Missing and Exploited Children (NCMEC) received a report from *Tumblr* reference a possible transmission of child pornography. *Tumblr* reported a user; "mcw", screen/user name of mcw, and an IP address of 24.253.48.163 uploaded 8 child exploitation images on their *Tumblr* account. Affiant viewed said images of child sexual exploitation and deemed 2 images to be child pornographic in nature.
>
> A search warrant was served on Tumblr reference above account which resulted in numerous other images/videos of child exploitation being discovered.
>
> This investigation conducted by Affiant has traced this child sexual exploitation computer activity of child pornography to 10432 Burkehaven Avenue, Las Vegas, NV 89166, where affiant expects to find computer /

---

[1] The Government's response includes all of the documents relevant to the determination of Defendant's motion. Some of these documents are also attached to Defendant's motion. For convenience, the Court refers to the exhibits attached to the Government's Response (ECF No. 47).

2

|   |   |
|---|---|
| 1 | digital evidence of these crimes. |
| 2 | *Exhibit D*, at pg. 107. |
| 3 | Under the heading **Probable Cause Offering**, Detective Miller further stated: |

> On or about April 27, 2016, the National Center for Missing and Exploited Children (NCMEC) received a report from Tumblr reference a possible transmission of child pornography. Tumblr reported the user uploaded 8 images/videos of child sexual exploitation. Tumblr provided the following information regarding the user:
>
> IP Address: 50.118.198.254 and 24.253.48.163
> Date of Incident: April 19, 2016 at 14:14:00 UTC
> Email Address: mcwarson@gmail.com
> Screen/User Name: mcw
> Profile URL: https://mcw.tumblr.com
>
> This report was documented under NCMEC CyberTip #10001179 and forwarded on May 26, 2016 to the Las Vegas Metropolitan Police Department for follow up investigation.
>
> Affiant viewed the 8 uploaded images/videos and deemed two of them to be child pornography. The following is a description of both of the said videos: [Description omitted][2]

*Id.* at pg. 108.

Detective Miller further stated that on May 28, 2016, an administrative subpoena was served on Cox Communications "for subscriber information for this IP address, 24.253.48.163 accessed on April 19, 2016, 09:36 hours EDT." *Id.* at pg. 108. On June 14, 2016, Cox Communication responded to the subpoena, stating that "IP address 24.253.48.163 resolves to Justin Fisher, Account #: 11011176-03, address of 10432 Burkehaven Avenue, Las Vegas, NV 89166 and telephone number of 702-569-xxxx." *Id.* at pg. 109. Detective Miller further stated that on July 1, 2016 a search warrant was served on Google, Inc. for all account information regarding email account: mcwarson@gmail.com, but that no return of further evidence of child exploitation was discovered. *Id.* at pg. 109. He further stated:

> On July 1, 2016, a search warrant was served on Tumblr for all account information regarding Tumblr account mcwarson@gmail.com, IP address 24.253.48.163, user name: mcw.
>
> On September 16, 2016, Tumblr responded to said search warrant with

---

[2] For purposes of this motion, Defendant does not dispute that the images/videos that Detective Miller identified in the affidavit meet the definition of child pornography under 18 U.S.C. § 2256(8). The descriptions are therefore omitted from this order.

3

| | |
|---|---|
| 1 | numerous other images/videos of child exploitation. Affiant viewed these images/videos and deemed over 40 of them to be child pornography. The following is a description of 7 of the said images/videos: [Description omitted] |

*Id.* at pg. 109.

Detective Miller stated that in response to an administrative subpoena served on October 26, 2016, NV Energy stated that 10432 Burkehaven Avenue "resolved" to Justin Fisher. *Id.* at pg. 110. Based on the foregoing information, a Clark County, Nevada justice-of-the-peace issued the search warrant.

### 2.	Other Relevant Documents and Items.

The following documents and items obtained by Detective Miller prior to his November 16, 2016 affidavit contain information relevant to the affidavit and to Defendant's argument that it contained misrepresentations or omissions of material fact:

On April 27, 2016, the National Center for Missing and Exploited Children ("NCMEC") received Cybertip Report #10001179 from Tumblr referencing a possible upload of 8 images/videos that contained apparent child pornography. *Government's Response* (ECF No. 47), *Exhibit A*. The Cybertip stated that the incident occurred on April 19, 2016 at 14:14:00 UTC. *Id.* at pg. 30. It identified the "User or Person Being Reported" as:

> Email Address:	mcwarson@gmail.com
> Screen/User Name:	MCW
> Profile URL:	mcw.tumblr.com
> IP Address:	50.118.198.254 (Other).

Under "Additional Information Submitted by Reporting ESP," the Cybertip Report stated:

> Please note: the IP provided in this report is the suspect's last login IP.
>
> Suspect's last logins:
> Mon, 18 Apr 2016 22:47:36 -0400 from 50.118.198.24 (CA-San Jose, US)
> Mon, 11 Apr 2016 22:05:09 -0400 from 24.253.48.163 (NV-Las Vegas, US)
> Tue, 05 Apr 2016 16:10:11 -0400 from 24.253.48.163 (NV-Las Vegas, US)
> Mon, 21 Mar 2016 20:06:42 -0400 from 24.253.48.163 (NV-Las Vegas, US)
> Wed, 16 Mar 2016 22:02:42 -0400 from 24.253.48.163 (NV-Las Vegas, US)
>
> Suspect's associated blogs:
> fuckitthan - http://fuckitthan.tumblr.com/

*Id.* at pg. 31.

A "Geo-Lookup" was automatically generated by the NCMEC system which found that IP address 50.118.198.24 resolved to San Francisco-Oakland-San Jose. *Id.* at pg. 33. Under Section C: "Additional Information Provided by NCMEC," the report discussed IP address 24.253.48.163, which was related to an additional Cybpertip #10033465 and which was owned by Cox Communications in Las Vegas, NV. *Id.* at pgs 34-36. Based on the information pertaining to IP address 24.253.48.163, NCMEC determined that the information in Cybertip #10001179 should be sent to "NV ICAC." (Nevada Internet Crimes Against Children Task Force).

NCMEC sent the Cybertip Report to the Las Vegas Metropolitan Police Department on May 26, 2016. On July 1, 2016, Detective Miller applied for and obtained a search warrant directed to the Custodian of Records for Tumblr. *Government's Response* (ECF No. 47), *Exhibit B*. The application/affidavit requested the following digital data:

> All Tumblr account information for the following user on / or between the dates of April 19, 2016 through July 01, 2016:
>
> IP Address: 50.118.198.254 and 24.253.48.163
> Date of Incident: April 19, 2016 at 14:14:00 UTC
> Email Address: mcwarson@gmail.com
> Screen/User Name: mcw
> Profile URL: https://mcw.tumblr.com

*Id.* at pg. 59.

The application/affidavit sought a variety of information related to the above account, including logs of Internet Protocol ("IP") address connections with dates, times, and time zones, and all content of electronic or wire communications held in the accounts, including all image files stored, received or distributed. *Id.* at pg. 60.

Tumblr responded to the search warrant by letter on September 16, 2016 and attached, as <u>Exhibit A</u>, the records responsive to the search warrant. *Id.* at pg. 74. The information provided in <u>Exhibit A</u> was for the blog account– "http://mcw.tumblr.com/" which was created on January 1, 2016; email address–"mcwarson@gmail.com;" and a secondary blog account– "http://fuckitthan.tumblr.com/" which was created on March 29, 2016. *Id.* at pg. 75.

Tumblr's <u>Exhibit A</u> also provided a Login History for "http://mcw.tumblr.com/" which included the notation: "*Note: IP address corresponds to last actual login (exchange of credentials) not last access." *Id.* at pg. 75. The IP logins for "mcw.tumblr.com" were listed as follows:

5

| IP Address | Login Time |
|---|---|
| 24.253.48.163 | 4/19/16 10:40 |
| 50.118.198.254 | 4/18/16 22:47 |
| 24.253.48.163 | 4/11/16 22:05 |
| 24.253.48.163 | 4/5/16 16:10 |
| 24.253.48.163 | 3/21/16 20:06 |
| 24.253.48.163 | 3/16/16 22:02 |
| 24.253.48.163 | 3/16/16 16:50 |
| 72.201.103.154 | 2/1/16 4:02 |
| 72.201.103.154 | 1/30/16 15:18 |
| 72.201.103.154 | 1/14/16 12:40 |
| 72.201.103.154 | 1/13/16 9:10 |
| 72.201.103.154 | 1/13/16 7:14 |
| 72.201.103.154 | 1/13/16 7:11 |
| 72.201.103.154 | 1/13/16 2:15 |
| 72.201.103.154 | 1/12/16 23:01 |
| 72.201.103.154 | 1/1/16 7:19 |

*Id.* at pg. 76.

As discussed above, Detective Miller's November 16, 2016 affidavit also stated that Tumblr's search warrant return included numerous other images/videos of child exploitation, over 40 of which he determined to be images or videos of child pornography. *Id.* at pg. 109.

## DISCUSSION

### 1. Timeliness of Defendant's Motion

The Government argues that Defendant's motion to suppress should be denied as untimely, without the need for the Court to reach the merits of Defendant's arguments. The last day to file pretrial motions in this case was June 20, 2017. *See Order to Continue* (ECF No. 36), at pg. 5. Defendant's motion was filed on August 10, 2017, more than a month and a half after the deadline. Defendant did not provide any explanation or excuse for his late filing, or even acknowledge that his motion was filed after the deadline. Defendant's motion to suppress may therefore be denied as untimely, particularly given the failure to provide any excuse or reason for its untimeliness. The Court will nevertheless address the merits of the motion.

### 2. Defendant's Request for a *Franks* Evidentiary Hearing

Pursuant to *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674 (1978), a criminal defendant has the right to challenge the veracity of statements made in support of an application for a search warrant. To prevail on such a challenge, the defendant must establish by a preponderance of the evidence; first, that the "affiant officer intentionally or recklessly made false or misleading statements or

omissions in support of the warrant[,]" and second, that the false or misleading statement or omission was material, *i.e.*, "necessary to finding probable cause." *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) (quoting *United States v. Martinez-Garcia*, 397 F.3d 1205, 1214–15 (9th Cir. 2005)). "If both requirements are met, 'the search warrant must be voided and the fruits of the search excluded.'" *Id.* (quoting *Franks*, 438 U.S. at 156).

The mere allegation of a *Franks* violation does not entitle Defendant to an evidentiary hearing. *Franks* states:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

438 U.S. at 171.

More recently, the Ninth Circuit has stated that a defendant is entitled to an evidentiary hearing "if he 'can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions and (2) the affidavit cannot support a finding of probable cause without the allegedly false information'; i.e. the challenged statements or omissions are material." *United States v. Kleinman*, 859 F.3d 825, 840 (9th Cir. 2017) (quoting *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000)). With respect to the second part of this test, *Franks*, itself, states:

> [I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing, is, of course, another issue.

438 U.S. at 171–77, 98 S.Ct. at 2684–85.

. . .

. . .

7

Since *Franks*, the courts have made clear that intentional or reckless omissions of material facts may also invalidate a search warrant. *United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007) states as follows:

> In *Stanert,* we applied the rationale of *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), to hold that a defendant could challenge a facially valid affidavit by making a substantial preliminary showing that "the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading." *Stanert,* 762 F.2d at 781 ("By reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw. To allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning.") In addition, the defendant must show that the "affidavit, once corrected and supplemented," would not "provide ... a substantial basis for concluding that probable cause existed" to search defendant's residence. *Id.* at 782.

Clear proof of deliberate or reckless omissions is not required to obtain an evidentiary hearing. *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985). A party also does not have to show by direct evidence that the affiant made the omission recklessly. "Rather, it 'is possible that when the facts omitted from the affidavit are clearly critical to a finding of probable cause the fact of recklessness may be inferred from the proof of the omission itself.'" *Madiwale v. Savaiko*, 117 F.3d 1321, 1327 (11th Cir. 1997) (quoting *United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980)); *see also United States v. Gaines*, 2013 WL 5533191, at *2 n. 4 (D.Nev. Oct. 4, 2013) (quoting *Madiwale*). The "omission rule," however, does not require that the affiant address every possible theory, no matter how unlikely, that would controvert the affiant's good-faith belief that probable cause existed for the search. *United States v. Craighead*, 539 F.3d 1073, 1081 (9th Cir. 2008).

The **Synopsis** section of Detective Miller's November 16, 2016 affidavit stated that "[o]n or about April 27, 2016, the National Center for Missing and Exploited Children (NCMEC) received a report from *Tumblr* reference a possible transmission of child pornography. *Tumblr* reported a user; "mcw", screen/user name of mcw, and IP address of 24.253.48.163 uploaded 8 child exploitation images on their *Tumblr* account." *Exhibit D*, pg. 107. The second sentence in this statement is clearly false. The Cybertip Report from Tumblr did not state that the user had uploaded the child pornography images to the Tumblr account from IP address of 24.253.48.163. Nor can such an inference be fairly made from the Cybertip Report. The Cybertip report stated, instead, that the incident occurred on April 19, 2016 at

14:14 UTC.  It identified the user or person being reported as mcwarson@gmail.com with the screen/user name MCW and profile URL as mcw.tumblr.com.  It listed the IP address as 50.118.198.254 (Other).  It also listed the suspect's last five IP address logins, the most recent being on Monday, April 18, 2016 at 22:47:36 – 0400 from "IP address 50.118.198.24 (CA-San Jose, US)," with the four previous logins being from IP address 24.253.48.163.  Nowhere did the report state that there was reason to believe that the child pornography images had been uploaded prior to the last reported IP address login on April 18, 2016.

The **Probable Cause Offering** of the affidavit does not make the affirmative misstatement set forth in the **Synopsis.**  It states:

> Tumblr provided the following information regarding the user:
>
> IP Address: 50.118.198.254 and 24.253.48.163
> Date of Incident: April 19, 2016 at 14:14:00 UTC
> Email Address: mcwarson@gmail.com
> Screen/User Name: mcw
> Profile URL: https://mcw.tumblr.com

This information, however, was incomplete.  While the affidavit correctly stated that the Cybertip report listed both IP addresses 50.118.198.254 and 24.253.48.163, it again failed to disclose that the last reported IP address login prior to the "incident" was from IP address 50.118.198.254 on April 18, 2016.  As the court stated in *United States v. Stanert*, 762 F.2d at 782, an affiant can violate the Fourth Amendment by intentionally or recklessly omitting facts that are required to prevent technically true statements from being misleading.  The omission of the dates when the logins from IP addresses 50.118.198.254 and 24.253.48.163 occurred, combined with the misrepresentation in the **Synopsis**, reasonably would have led the justice-of-the-peace to believe that the Tumblr Cypertip report stated that the upload of child pornography images on April 19, 2016 was made from a computer using IP address 24.253.48.163.

The affidavit's **Probable Cause Offering** also states that on July 1, 2016, a search warrant was served on Tumblr for all account information regarding Tumblr account: mcwarson@gmail.com, IP address 24.253.48.163, user name: mcw.  "On September 16, 2016, Tumblr responded to said search warrant with numerous other images/videos of child exploitation.  Affiant viewed these images/videos and deemed over 40 of them to be child pornography."  *Exhibit E*, at pg. 109.  The Government argues

that this portion of the affidavit, separate and apart from the information regarding the Tumblr Cybertip report, is sufficient to provide probable cause for the search warrant. The Court does not rule out the possibility that it does. That conclusion, however, is not so readily apparent as to dispense with the need for an evidentiary hearing. If the Court determines that Detective Miller's misrepresentations or omissions regarding to the Tumblr Cybertip report were intentionally or recklessly made, then it will have to decide whether the remainder of the affidavit, standing on its own, still provides probable cause for the issuance of the warrant. If the Court determines that the misrepresentations or omissions were, at worst, negligent, then the search may be upheld as valid.

The affidavit also omitted the information contained in Exhibit A of Tumblr's response to the search warrant return which showed that a computer user logged into the Tumblr account from IP address 24.253.48.163 on April 19, 2016 at 10:40. The Government argues that this information provides further grounds to believe that the numerous additional child pornography images/videos produced by Tumblr in response to the search warrant were uploaded from a computer using IP address 24.253.48.163. Information that was not included in the affidavit, however, may not be used after the fact to show that there was probable cause to obtain a warrant.

In *United States v. Davis*, 714 F.2d 896, 899 (9th Cir. 1983), the court stated that "[t]he fact that probable cause did exist and could have been established by a truthful affidavit does not cure the error." The affidavit in that case falsely stated that it was based on the affiant's personal knowledge, when, in fact, it was based on information in an affidavit prepared by another officer. In *United States v. Reinholz*, 245 F.3d 765, 775 (8th Cir. 2001), the court stated that "retroactively supplementing the affidavit with material omissions bolstering probable cause would undermine the deterrent purpose of the exclusionary rule." The affidavit in that case falsely stated that a confidential and reliable source reported that the defendant was involved in using or making methamphetamine. *Id.* at 774. The information had, in fact, been provided by a pharmacist who stated only that defendant had purchased iodine crystals which could be used to make methamphetamine, but which could also be used for lawful purposes. *Id.* In *United States v. McCain*, 271 F.Supp.2d 1187 (N.D.Cal. 2003), the affidavit similarly represented that the information regarding the defendants' alleged narcotics trafficking had been provided by a reliable confidential source, i.e., a human source, when, in fact, the information was based on the officer's

interpretation of intercepted telephone conversations between the suspects. The court rejected the government's argument that the search should be upheld because the affiant knew the wiretapped conversations had occurred and truly believed that probable cause existed. The court stated that "it is not the affiant's belief that supports probable cause, but the magistrate's determination based on the facts set forth on the face of the the affidavit. It is also not the post hoc presentation of evidence absent from the affidavit that will support probable cause, but what is presented to the magistrate at the time he issues the warrant." *Id.* at 1192.

## **CONCLUSION**

It may, in fact, be the case that Detective Miller could have prepared an affidavit that provided probable cause to search Defendant's residence for evidence of child pornography. The issue before the Court, however, is whether the false statements and omissions in Detective Miller's affidavit were intentionally or recklessly made, and, if so, whether the balance of the information in the affidavit still supports a finding of probable cause. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's request for an evidentiary hearing is **granted** and the evidentiary hearing is set for **Monday, December 18, 2017 at 9:30 a.m.** in LV Courtroom 3A.

DATED this 15th day of November, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge