# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:17-cr-00073-APG-GWF |
| vs. | **ORDER** |
| JUSTIN ANTHONY FISHER, | |
| Defendant. | |

This matter is before the Court on Defendant Justin Fisher's ("Justin") Renewed Motion to Eliminate Separation Order (ECF No. 58), filed on November 8, 2017. The Government filed a Response (ECF No. 60) on November 21, 2017. Defendant did not file a reply brief.

## BACKGROUND AND DISCUSSION

Justin and his twin brother, Joshua Fisher ("Joshua") (collectively referred to as "the Brothers"), are charged in a eleven count Superseding Indictment (ECF No. 61) filed on November 28, 2017 with: conspiracy to commit sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and (e); sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and (e); distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b); receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b); possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); and coercion and enticement in violation of 18 U.S.C. § 2422(b)

Justin was initially detained pending trial by Magistrate Judge Hoffman on February 16, 2017, which was later affirmed by Judge Gordon. *Detention Order* (ECF No. 9); *Order* (ECF No. 37). Joshua was detained pending trial by Magistrate Judge Leen on April 7, 2017, which was

affirmed by Judge Dorsey. *Detention Order* (ECF No. 13); *See* Case No. 2:17-cv-01154-JAD-GWF, *Minutes of Proceedings* (ECF No. 6). Both brothers are detained at the Nevada Southern Detention Center in Pahrump, Nevada ("Detention Center"). The Government requested that the Brothers be housed separately in order to ensure that they could not have direct contact with one another, except when meeting jointly with their defense counsel. The Detention Center has complied with this request.

The Brothers initially moved to eliminate the separation order in June 2017. *See* Case No. 2:17-cv-01154-JAD-GWF, *Motion to Eliminate Separation Order* (ECF No. 7). The motion was based on two arguments. First, the Brothers argued that they need to communicate directly with each other, and not just when their attorneys are present, in order to adequately prepare their defenses. Thus, they asserted that the "separation order" violates their Sixth Amendment rights. Second, because the separation order results in one of the Brothers being in administrative segregation at any given time, they impliedly argued that the order is punitive and violates their rights to due process of law. *Id.* The Court denied the motion and found that the separation order was reasonably related to the Government's legitimate interest in ensuring that the Brothers did not work together to commit criminal acts or interfere with victims and witnesses. *Order* (ECF No. 31). The Court, however, set the matter for a status check in 60 days to revisit the need for the separation order. *Id.*

The Court conducted a status conference on September 7, 2017. *Minutes of Proceedings* (ECF No. 49) and (ECF No. 50). Again, the Brothers moved to eliminate the separation order. The Government argued against removal and further moved for the Brother's telephone privileges to be revoked pursuant to *Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002). The Government informed the Court that the Brothers had violated the Court's orders and circumvented the separation order by having a friend or family member initiate three-way calls so that the Brothers could speak to one another. The Government specifically referenced recently received jail calls wherein the Brothers lied to their respective wives about violating the Court's order and discussed ways to destroy evidence with their other brother Eric. Following the Government's proffer, the Court again declined to lift the separation order and the Court prohibited the Brother's telephone

privileges. *Id.* Because the Government had just received the telephone calls and had not yet provided them to the Brother's counsel, the Court advised the Brother's that they may move for reconsideration of the order after reviewing the calls.

On November 8, 2017, Justin filed the instant renewed motion to eliminate the separation order. Justin argues that the constant rotation of he and his brother in "administrative segregation" (i.e. solitary confinement) is causing Justin "significant distress." He further argues that "[t]here is no reason the facility's security procedures are in adequate [sic] to address any concern by the Government for two inmates who have been in custody together for over 9-months." *Motion* (ECF No. 58), pg. 2, lns 20-22. Justin also argues that the separation order also negatively impacts his ability to adequately prepare his defense with his counsel.

The Government argues that Justin's motion fails to raise any legal or factual basis for the Court to reconsider its prior order; fails to address any of the arguments raised by the Government during its proffer; and fails to discuss or even reference the jail calls discussed by the Government during the status conference. *Response* (ECF No. 60), pg. 4. The Court agrees. During the September 7, 2017 status conference, the Government presented sufficient evidence to indicate that the Brothers have violated or attempted to violate the Court's prohibition to communicate with one another even while under the separation order. Justin's motion fails to address that evidence and instead argues that the administrative segregation causes him "significant distress." This is not sufficient good cause to warrant an order rescinding the separation order given the evidence offered by the Government during the status conference.

It is also unclear to the Court how the separation order affects Justin's (or his brother's) ability to prepare for their defense and Justin's motion does not provide a factual explanation for his assertion. The Court's prohibitions do no apply to either of the Brother's communications with their counsel and the Court has allowed the Brothers to jointly meet and communicate while in the presence of counsel. Therefore, this argument is equally unpersuasive. Accordingly,

. . .

. . .

. . .

**IT IS HEREBY ORDERED** that Defendant Justin Fisher's Renewed Motion to Eliminate Separation Order (ECF No. 58) is **denied**.

DATED this 4th day of December, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge