# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN ANTHONY FISHER and JOSHUA RAY FISHER,<br><br>Defendants. | Case No. 2:17-cr-00073-APG-GWF<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS**<br><br>(ECF Nos. 117, 129) |

Defendants Justin Anthony Fisher and Joshua Ray Fisher filed a joint motion to suppress evidence obtained as a result of a second search warrant executed at Justin's former home. ECF No. 117. After conducting a hearing, Magistrate Judge Foley recommended that the motion to suppress be denied. ECF No. 129. The defendants filed an Objection to that recommendation (ECF No. 130) and the Government filed a Response (ECF No. 131). Pursuant to Local Rule IB 3-2(b), I have conducted a *de novo* review of the motion to suppress and related papers. Judge Foley's Findings and Recommendation are well-reasoned and properly based on the facts and law. I adopt it as my own.

I agree with the defendants that the terms "abandoned" and "concealed" have different meanings. *See* ECF No. 130 at 3:11-12. I also agree that one or both of the defendants concealed the subject items in the attic, and sought to have those items recovered by their brother "E" before the house was sold. However, no efforts were made to retrieve the items after the house was sold in September 2017 until the items were seized by the Government in July 2018. As Judge Foley correctly points out:

> Defendants could have attempted to retrieve the items by having someone contact the new owner on their behalf and request permission to recover the items from the attic. Such an attempt, however, would have increased the risk that law enforcement would be notified about the presence of the items in the attic.
>
> It is reasonable to infer from the circumstances that Defendants decided that there was less risk of discovery by leaving the items concealed in the attic than there would be in attempting to retrieve them.

ECF No. 129 at 11-12. I therefore agree with Judge Foley that the defendants abandoned the items after the house was sold, and their Fourth Amendment rights were not violated by the subsequent searches of the attic and the items.

IT IS HEREBY ORDERED that Magistrate Judge Foley's Findings and Recommendation **(ECF No. 129) is accepted**. The defendant's motion to suppress **(ECF No. 117) is denied.**

Dated: January 3, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE