UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>v.<br><br>JUSTIN ANTHONY FISHER and JOSHUA RAY FISHER,<br><br>　　　　Defendants | Case No.: 2:17-cr-00073-APG-EJY<br><br>**Order Granting in Part Motion for Order Deeming Attorney Client Privilege Waived**<br><br>[ECF No. 258] |

　　　　Defendant Joshua Fisher filed a motion under 28 U.S.C. § 2255 claiming that his trial counsel was ineffective. When a defendant files a § 2255 motion, the district court "shall" grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Rule 7 of the Rules Governing § 2255 Proceedings permits the court to "direct the parties to expand the record by submitting additional materials relating to the motion." The United States moves for an order deeming the attorney client privilege waived so that it can address Joshua Fisher's ineffective assistance of counsel claim. Fisher did not respond to the motion.

　　　　At this point, there is insufficient evidence to review the ineffective assistance of counsel claim because the record does not "affirmatively manifest the [claim's] factual or legal invalidity." *United States v. Rodriguez*, 49 F.4th 1205, 1213 (9th Cir. Sept. 23, 2022) (quotation omitted). Fisher "raises a claim which in fairness requires disclosure" of protected communications. I therefore grant in part the United States' motion, and I deem the attorney-client privilege between Joshua Fisher and his prior counsel implicitly waived only for purposes of his ineffective assistance of counsel claim. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156,

1162 (9th Cir. 1992). I therefore order Alexandra Ashley Athmann-Marcoux, Paola Armeni, and Kathleen Bliss[1] to submit affidavits responding to Fisher's allegations of ineffective assistance of counsel as set forth in his motion (ECF No. 251). These attorneys also must provide to the United States copies of any letters, emails, or other written communications in their possession that document any information conveyed to Fisher, or advice they gave to Fisher, with respect to the issues raised in Fisher's motion only.

The United States also seeks an order that Joshua Fisher waived any privileged communications between himself and counsel for his co-defendant, Justin Fisher, because the two engaged in a joint defense. I grant this part of the motion as to counsel Thomas Pitaro and Dustin Marcello, but these counsel are not required to disclose privileged communications between counsel and Justin Fisher. If counsel determines that communications relating to Joshua Fisher's motion fall within the joint defense agreement and cannot be disclosed, they shall confer with the United States regarding these materials. If the parties cannot reach an agreement on how to proceed, the United States must file a motion if it still seeks disclosure.

I deny without prejudice the portion of the United States's motion that seeks a waiver of Joshua Fisher's communications with appellate counsel Michael Anthony Humphreys (for Joshua) and Daniel Hill (for Justin). All the issues in the motion relate to the alleged ineffective assistance of trial counsel. The United States has not adequately established that Joshua Fisher waived the privilege with respect to his communications with his own appellate counsel or with Justin's appellate counsel.

I THEREFORE ORDER that the United States's Motion for an Order Deeming the Attorney Client Privilege Waived **(ECF No. 258) is GRANTED in part** as follows:

---

[1] Joshua Fisher's former counsel, William Terry, is deceased.

- By March 5, 2024, the United States shall provide copies of this order and Fisher's motion (ECF No. 251) to each of the identified attorneys who must respond.

- By May 6, 2024, each of the identified attorneys shall submit an affidavit responding to Fisher's allegations of ineffective assistance of counsel as set forth in his motion. These attorneys also must provide to the United States copies of any letters, emails, or other written communications in their possession that document any information conveyed to Fisher, or advice they gave to Fisher, with respect to the issues raised in Fisher's motion only. However, those attorneys who represented Justin Fisher are not required to disclose privileged communications between counsel and Justin Fisher.

- If counsel for Justin Fisher determines that communications relating to Joshua Fisher's motion fall within the joint defense agreement and cannot be disclosed, they shall confer with the United States regarding these materials. If the parties cannot reach an agreement on how to proceed, the United States must file a motion if it still seeks disclosure.

- Within five days of receiving any affidavit or documents from counsel, the United States shall mail a copy to Joshua Fisher.

- As set forth in my prior order (ECF No. 260), the United States shall file its response to Joshua Fisher's motion 30 days after it receives responses from all the above-identified counsel.

DATED this 26th day of February, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE